In re A. H. L. BUILDING CORPORATION.
WALGREEN CO. v. A. H. L. BUILDING CORPORATION et al.

In re JOHN RAKLIOS & CO., Inc.

WALGREEN CO. v. JOHN RAKLIOS & CO., Inc., et al.

Nos. 5543, 5564, 5563.

Circuit Court of Appeals, Seventh Circuit.

Nov. 6, 1935.

Rehearing Denied Dec. 13, 1935.

Harry Markheim, Charles O. Parker, and A. R. Miller, all of Chicago, Ill., for appellant.

Herman Waldman, John L. McInerney, Weymouth Kirkland, and Thomas Martincau, all of Chicago, Ill., for appellees.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge.

The appeals are from orders entered in the District Court May 28, 1935, in two proceedings for corporate reorganization under section 77B of the Bankruptcy Act (11 USCA § 207), one on the petition of creditors of John Raklios & Co., Inc., and the other on the petition of A. H. L. Building Corporation.

A. H. L. Building Corporation owns a large store and office building in Chicago called the Capitol building, formerly known as Masonic Temple, at the northeast corner of State and Randolph streets. Two of the store floor tenants are Walgreen Company and Raklios Company, the former occupying the corner store, extending east to an entrance from Randolph street into the lobby of the building, and Raklios Company occupying the store fronting on Randolph street just east of this lobby entrance. At the time of the institution of the reorganization proceedings, each held a lease of its store —Walgreen for drug store purposes, at an annual rental of $55,000, and Raklios, at $18,000 per annum, for a restaurant, one of a chain of nineteen Raklios restaurants in Chicago.

In the A. H. L. proceeding, a trustee for the corporate property was in possession. In Raklios, the corporation itself, under order of court, was carrying on the business.

When in July, 1934, the Raklios petition was filed, the company was in default on rent under its lease in sum of nearly $30,000. Arrangement was made whereby the company should pay, to apply on currently accruing rent, nine per cent. of its gross sales. This was not sufficient to meet the rent stipulated in the lease, and on January 22, 1935, the fur-

ther arrearage amounted to $3,586.82. A plan of reorganization was submitted by Raklios, one feature of which was that it would pay as rental ten per cent. of its gross receipts. The plan was confirmed by the District Court, but the trustee of A. H. L. did not accept the plan.

Negotiations were entered into between the A. H. L. trustee and Walgreen Company for a new lease to Walgreen of the store it then occupied, together with the Raklios store and the Randolph street entrance to the building between these stores, for a term of years. A form of lease to Walgreen is in evidence, bearing date of December 26, 1934, and appearing to be signed by the A. H. L. trustee and Walgreen, for the enlarged premises at a rental of $5,833.33 monthly. The form of lease provides that the lessee shall, in lieu of the present Randolph street entrance to the lobby, maintain an aisle of adequate width for passage by the public through its premises between Randolph street and the lobby. Paragraph 36 of the instrument specifies that a portion of the premises is held under the Raklios lease, which is to be terminated; that the new lease shall supersede and cancel the existing lease; and the latter part of paragraph 41 specifies that:

"It is expressly understood and agreed by and between the parties hereto, however, that if possession of the premises herein demised, now under lease to John Raklios and Company is not tendered or delivered to the lessee on or before July 1, 1935, then the within lease shall be null and void and of no effect, and the cancellation of the lease dated March 31, 1926, between State-Randolph Building Corporation, as lessor, and Walgreen Co., as lessee, together with the addendum to said lease, shall be null and void and of no effect and the rights of the parties hereto shall be the same as if the within lease and all the provisions thereof had never been entered into."

On January 14, 1935, the A. H. L. trustee filed a petition setting forth the then existing Walgreen and Raklios leases and the proposition of Walgreen for a new lease of its space and of the other space in the building proposed to be included in the lease, and stating that in the opinion of the petitioner it would be to the benefit of the estate to enter into the proposed new lease with Walgreen, and to evict Raklios from the store it then occupied; and asking the court for authority to do these things. January 17 the court entered an order authorizing the A. H. L. trustee to make the newly proposed lease substantially in accordance with the terms hereinbefore indicated, and to cancel the Raklios lease and take the necessary action to secure possession of the Raklios premises.

The A. H. L. trustee filed a petition on January 22 asking for an order on Raklios to surrender immediately possession of the premises it occupied. January 25 Raklios filed an answer stating that it had had no opportunity to be heard upon the petition under which the court had ordered that the trustee take possession of the Raklios premises, and asked the court to permit Raklios to continue in the occupancy of the premises under the Raklios reorganization plan. Walgreen obtained leave to intervene and filed its answer to the petition, setting up that it has a lease of the Raklios store and insisting that Raklios be evicted therefrom. Most of the Raklios creditors answered protesting against allowance of the petition to deprive Raklios of possession of the premises it occupied.

Thereupon, on April 11, the court filed a memorandum stating that as a matter of policy and judicial discretion Raklios should be continued in possession of the premises, upon terms submitted by counsel; that the order of January 17, authorizing lease of the premises to Walgreen, was an inadvertence, and that the lease was a conditional one depending on whether or not the court would enter an order dispossessing Raklios prior to July 1, 1935; and that the court would deny the motion of the A. H. L. trustee, and on its own motion would vacate the order of January 17, 1935.

May 28 there was filed lengthy findings of fact by the court which fully support its memorandum; and on the same date the court entered the order which is the subject of this appeal.

The single question is whether the court had the right to make the order of May 28 canceling its prior order to the trustee to dispossess Raklios, and ordering that Raklios be permitted to retain possession of the premises it had occupied. If this were a matter within the sound discretion of the District Court, we should have no hesitancy in saying

that in our judgment nothing appears which would tend to indicate any abuse of that discretion. We believe that the fact alone that the practical closing of the Randolph street entrance to the lobby, wherein are located the many elevators affording access to the numerous upper floors of the building, would of itself be a sufficient cause to justify the court's action, notwithstanding the lobby has an entrance also from State street. Nothing whatever appears to have been done or omitted by Walgreen, after the first order had been entered, to embarrass it in any manner, or to cause it any expense or inconvenience through its reliance upon that order, if it did so rely.

And so we come to the inquiry whether, after the entry of the first order and the delivery of the lease—if it was in fact delivered—the court had power to vacate that order and refuse to evict Raklios from the premises. We think the question is sufficiently answered by the lease itself—whether only proposed, as contended for appellees, or whether actually delivered, as appellant maintains.

Paragraph 41 of the instrument, as above set forth, contemplates the contingency of possession of the Raklios property not being secured by the following July; and provides that in such case the new lease shall be void, and Walgreen's pre-existing lease be reinstated and its tenancy of the corner store continued thereunder.

This anticipated contingency is just what came to pass. Raklios, which had not been a party to the proceedings that resulted in the court's first order, made resistance to the proceedings whereunder the trustee sought to evict it, and those proceedings eventuated in the court's ultimate conclusion that Raklios should not be evicted, and in the order here in question. This left the parties in the precise situation which the 41st paragraph of the proposed lease contemplated. Upon the entry of the final order it was evident that Raklios would not be dispossessed of the premises by July 1, and Walgreen's former lease was thus automatically reinstated; and the lease here in question, whether delivered or undelivered at the time of the last order of the court, became ineffective for any purpose, and afforded Walgreen no basis

for thereafter claiming possession of the Raklios premises.

In this view we must, and do, sustain the May 28, 1935, order of the District Court, which is hereby affirmed.